UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. S1 4:20CR22 ERW(SPM) |
| | ) |
| DEOMAN REEVES, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER OF
# UNITED STATES MAGISTRATE JUDGE

All pretrial matters in this case were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). Currently before the Court is a motion by the defendant, Deoman Reeves, for a bill of particulars (Doc. 154). The United States opposes the motion. (Doc. 156). Deoman Reeves is charged by way of superseding indictment with conspiracy to distribute and possess with intent to distribute fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) and 846 (Count 1), possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Section 841(a)(1) (Counts 2, 4, 8 and 11), possession of a firearm in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Counts 3, 5 and 9), being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g) (Counts 6 and

1

10), and possession of a firearm in furtherance of drug trafficking resulting in death, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(j) (Count 14). Reeves was indicted along with alleged co-conspirators Franklin Bell, Arrion Jones, and Deronte McDaniels.

The superseding indictment was filed on December 23, 2020 and added Count 14, which is the subject of Reeves' instant motion. Reeves was arraigned on January 5, 2021 and pled not guilty to the superseding indictment. At the request of all counsel, including Reeves' attorney, defendants were granted time, through April 20, 2021, to finish reviewing disclosures from the government and file any necessary pretrial motions. Reeves, through counsel, requested additional extensions of the pretrial motion deadline and, in the interest of justice, those requests were granted and the deadline for filing pretrial motions was extended through July 19, 2021. On June 18, 2021, Reeves filed the instant motion for bill of particulars. The United States filed its response on June 22, 2021.

After carefully considering the written submission of the parties I find Reeves' motion should be denied for the reasons set out in this Memorandum and Order.

### DISCUSSION

Fed. R. Crim P. 7(f) gives the court discretion to "direct the government to file a bill of particulars" if the defendant "move[s] for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."

It is well-settled that

> [A] bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite.

*United States v. Hernandez*, 299 F.3d 984, 989-990 (8th Cir. 2002). However, "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

In this case, more than five months *after* the arraignment, Reeves seeks a bill of particulars in the following seven categories: (1) The exact date, time and place (including address) where the murder took place; (2) the names and addresses of persons who witnessed or participated in the murder; (3) the precise manner in which the murder took place; (4) Names and addresses of person who "actively participated" and who provided information to law enforcement officers; (5) information related to electronic surveillance listening devices or wiretaps and the circumstances and substance of the electronic evidence; (6) whether the government intends to present the electronic evidence at trial; and (7) the factual and legal basis for federal jurisdiction.

It is not readily apparent from Reeves' motion why he believes he is entitled to a bill of particulars. Although the motion quotes the allegations in Count 14 of the superseding indictment, the motion does not argue that the allegations are vague or indefinite or otherwise fail to inform Reeves of the charge. Indeed, Count 14 sets out the essential facts constituting the conspiracy charged, including the specific date of the alleged conduct, and gives Reeves sufficient notice of the facts constituting the offense.

Specifically, Count 14 alleges that, on October 21, 2019, Reeves and two of his alleged co-conspirators "did knowingly possess one or more firearms in furtherance of the commission of a drug trafficking crime which may be prosecuted in a court of the United States . . . conspiracy to distribute and to possess with the intent to distribute a controlled substance, including but not limited to fentanyl, [as charged in the indictment] . . . [a]nd in the course of this violation caused the death of David Anderson through the use of a firearm, which killing is a murder as defined in [the United States Criminal Code]." An indictment is sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charge against which he must defend and enables the defendant to plead an acquittal or conviction in bar of future prosecutions of the same offense. *Hamling v. United States,* 418 U.S. 117-18 (1973). *See also United States v.*

*Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011) (applying similar principles in a drug conspiracy case).

A bill of particulars is not warranted in this case because Count 14 of the superseding indictment is sufficiently precise in that it informs the defendant of the charges against him in enough detail to enable him to prepare a defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution on the same offense.

Reeves motion also fails because it appears that most, if not all, of the information Reeves is now requesting by way of a bill of particulars is contained within the government's disclosure of arguably suppressible evidence pursuant to Fed. R. Crim. P 12(b)(b)(4), contained within discovery that has already been produced, or will be disclosed closer to trial. A review of the Court's own electronic filing system reveals that, consistent with the information proffered in the United States' opposition, on January 30, 2020, the United States filed a disclosure of arguably suppressible evidence pursuant to Fed. R. Crim. P 12(b)(b)(4) and two discovery letters offering to produce, or make available for inspection, a broad range of disclosures including detailed information about the drug trafficking activities of Reeves and his co-conspirators, electronic surveillance evidence, and detailed investigative reports prepared by both state and federal law enforcement agencies related to the alleged homicide. *See* Docs. 44,

45, & 46. The United States also promised to disclose all witness statements in accordance with the Jencks Act "no later than the Friday preceding trial." *See* Doc. 46, at p.2.

The undersigned held status conferences with all counsel, including counsel for Reeves, on September 2, 2020, January 20, 2021, and May 11, 2021 to check on the status of the government's disclosures and defense counsel's review of the same and, in each instance, defense counsel acknowledged receipt of discovery from the government. Defendant's instant motion for a bill of particulars fails to identify any information that he has requested of the government that has been refused and/or that has not already been produced.

For the foregoing reasons, Reeves' motion for bill of particulars is without merit and should be denied.

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that Defendant Deoman Reeves' Motion for a Bill of Particulars (Doc. 154) be **DENIED.**

Dated: July 1, 2021.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE