**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. S1-4:20-CR-22 MTS |
| ) | |
| DEOMAN REEVES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DEOMAN REEVES'S SENTENCING MEMORANDUM
AND MOTION FOR LEAVE TO FILE OUT OF TIME[1]**

COMES NOW Defendant Deoman Reeves ("Defendant" or "Mr. Reeves"), by and through his attorneys, James W. Schottel, Jr. and Joseph Hogan, and files the following Sentencing Memorandum regarding Defendant's sentence:

Defendant, Deoman Reeves, a thirty-two (32) year old male, presents himself to the Court for sentencing. On September 29, 2023, Defendant was found guilty by jury trial to 11 counts of a 14-count Superseding Indictment. Count 1 charged Conspiracy to Distribute and Possess with the Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(B) and 846.

Counts 2, 4, 8, and 11 charged Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Counts 3, 5, and 9 charged Possession of Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i); Counts 6 and 10 charged Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Count 14 charged Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1). The defendant was not named in Counts 7, 12, and 13 of the Superseding Indictment.

---

[1] For the same reasons stated with Defendants objections to the Presentence Investigation Report.

A.   **Presentence Investigation Report and the Sentencing Guidelines**

At the outset of the Offense Level Computation in the PSR, U.S. Probation Officer Ms. Hillary Y. Wilburn stated in Paragraph 29 that the 2023 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG §1B1.11. (PSR[2] ¶ 29).

Offense Level Computation – Grouping

Counts 1, 2, 4, 6, 8, 10, and 11 are grouped for guideline calculation purposes because one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the count(s). USSG §3D1.2(c). (PSR ¶ 33).

Counts 1, 2, 4, 6, 8, 10, and 11 are grouped for guideline calculation purposes because the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. Id.

As to Counts 3, 5, and 9, pursuant to USSG §3D1.1(b)(1), any count for which the statute specifies a term of imprisonment to be imposed and requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment is excluded from grouping.

**Count Group 1**: **Conspiracy to Distribute and Possess with the Intent to Distribute Fentanyl**

**Base Offense Level:** The guideline for a violation of 21 U.S.C. § 841(a)(1) is USSG §2D1.1 of the guidelines. The base offense level is found in USSG §2D1.1(a)(5) which refers to the Drug Quantity Table in USSG §2D1.1(c). That section provides that an offense involving at

---

[2] From hereinafter Defendant cites the Final the Presentence Iinvestestigation Reports as "PSR" and paragraph.

least 400 grams of fentanyl, but less than 1.2 kilograms of fentanyl has a base offense level of 30. USSG §2D1.1(c)(5).  **30** (PSR ¶ 32).

**Specific Offense Characteristics:** None.  **0** (PSR ¶ 39).

**Victim Related Adjustment:** None.  **0** (PSR ¶ 40).

**Adjustment for Role in the Offense:** None.   **0** (PSR ¶ 41).

**Adjustment for Obstruction of Justice:** None.  **0** (PSR ¶ 42).

**Adjusted Offense Level (Subtotal):**            **30** (PSR ¶ 43).

### Count Group 14: Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death

**Multiple Count Adjustment:** Units are assigned pursuant to USSG §3D1.4(a), (b) and (c). One unit is assigned to the group with the highest offense level. One additional unit is assigned for each group that is equally serious or from 1 to 4 levels less serious. One-half unit is assigned to any group that is 5 to 8 levels less serious than the highest offense level. Any groups that are 9 or more levels less serious than the group with the highest offense level are disregarded. (PSR ¶ 44).

| Group/Count | Adjusted Offense Level | Units |
|---|---|---|
| Count Group 1 | 30 | 0.0 |
| Count 14 | 43 | 1.0 |

**Total Number of Units:**            1.0

**Greater of the Adjusted Offense Levels Above:**            **43** (PSR ¶ 45).

**Increase in Offense Level:** The offense level is increased pursuant to the number of units assigned by the amount indicated in the table at USSG §3D1.4. (PSR ¶ 46).

3

**Combined Adjusted Offense Level:** The Combined Adjusted Offense Level is determined by taking the offense level applicable to the Group with the highest offense level and increasing the offense level by the amount indicated in the table at USSG §3D1.4. **43** (PSR ¶ 47).

**Chapter Four Enhancement:** None.  **0** (PSR ¶ 48).

**Acceptance of Responsibility:** As of completion of the presentence investigation, the defendant has not clearly demonstrated acceptance of responsibility for the offense. USSG §3E1.1. (PSR ¶ 49).

**Total Offense Level:**  **43** (PSR ¶ 50).

**Count 3**: **Possession of Firearms in Furtherance of a Drug Trafficking Crime**

**Base Offense Level:** The guideline for a violation of 18 U.S.C. § 924(c)(1)(A) is USSG §2K2.4. The guideline sentence is the term of imprisonment required by statute, which in this case is a sentence of imprisonment of not less than five years consecutive to any other sentence imposed, with no probation. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to this count of conviction. USSG §2K2.4(b). (PSR ¶ 51).

**Count 5**: **Possession of Firearms in Furtherance of a Drug Trafficking Crime**

Base Offense Level: The guideline for a violation of 18 U.S.C. § 924(c)(1)(A) is USSG §2K2.4. The guideline sentence is the term of imprisonment required by statute, which in this case is a sentence of imprisonment of not less than five years consecutive to any other sentence imposed, with no probation. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to this count of conviction. USSG §2K2.4(b). (PSR ¶ 52).

**Count 9**: **Possession of Firearms in Furtherance of a Drug Trafficking Crime**

Base Offense Level: The guideline for a violation of 18 U.S.C. § 924(c)(1)(A) is USSG §2K2.4. The guideline sentence is the term of imprisonment required by statute, which in this case is a sentence of imprisonment of not less than five years consecutive to any other sentence

imposed, with no probation. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to this count of conviction. USSG §2K2.4(b). (PSR ¶ 53).

### Criminal History

Ms. Wilburn calculated a total of 5 criminal history points. (PSR ¶¶ 60, 62 and 64). Five total criminal history points establishes a criminal history category of III, pursuant to the sentencing table in USSG Chapter 5, Part A. (PSR ¶ 66).

**B.   Objections to the Presentence Investigation Report**

The Government did not file objections to and filed acceptance of the PSR. (Doc. #468). Defendant filed objections relating to Count 5 and Count 14: paragraphs 9, 10, 13, 23, 31, 32, 37, 38, 43, 44, 45, 47, 50, 52, 90, 91 and 92. (Doc. #502).

**C.   Imposition of Sentence**

In the Sentencing Reform Act of 1984 ("SRA"), Congress gave specific directions to district court judges, as well as to the United States Sentencing Commission and the courts of appeals. The central directive to sentencing judges includes "an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing." Kimbrough v. United States, 128 S. Ct. 558, 570 (2007). In *United States v. Booker*, the Supreme Court excised portions of the SRA that had previously limited courts' ability to sentence outside the guideline range except in extraordinary circumstances and reiterated that 18 U.S.C. § 3553(a) provides the remaining criteria for determining the sentence. United States v. Booker, 543 U.S. 220, 259 (2005). A judge's job is to evaluate independently, whether a sentence recommended by the guidelines best complies with the statute. Unlike sentencing policies enacted by the legislature in the abstract and for general application, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an

5

individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Gall v. United States, 128 S. Ct. 586, 598 (2007) (*citing* Koon v. United States, 518 U.S. 81, 113 (1996)).

Judges are also directed to consider the factors set forth in § 3553(a)(1) and (3)-(7), which include the guidelines and policy statements of the United States Sentencing Commission. Under the terms of the statute, judges must consider the guidelines in order to glean from the benefit of any advice they may offer for how best to achieve the statutory goals. In this consideration, there can be no thumb on the scales for the guidelines. Gall, 128 S. Ct. at 602; Kimbrough, 128 S. Ct. at 564, 570. The sentencing judge may "hear arguments by prosecution or defense that the Guidelines should not apply[.]" Rita v. United States, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465, 168 L. Ed. 2d 203 (2007), Those arguments may be that the case falls outside the "heartland" and thus warrants a departure, or that the guidelines range "fails properly to reflect § 3553(a) considerations," or simply that "the case warrants a different sentence *regardless*." Id. at 2465 (*emphasis added*). The sentencing judge may not apply "a legal presumption that the Guidelines sentence should apply," and "may not presume . . . that the Guidelines range is reasonable," Gall, 128 S. Ct. at 596-97.

Whether a guideline recommendation is likely to comply with the § 3553(a) factors thus crucially depends on whether the Commission acted in this "characteristic institutional role". When a guideline has been developed using the powers and procedures given to the Commission by the SRA, it is "fair to assume" they represent a "rough approximation" of sentences that "might achieve 3553(a) objectives." Rita, 551 U.S. at 338. The guidelines can serve as a starting point and initial benchmark because the Commission has the "capacity" to base the guidelines on "empirical

data and national experience, guided by a professional staff with appropriate expertise." Kimbrough, 128 S. Ct. at 574.

When the guidelines are not so developed, however, they cannot be relied upon for sound advice regarding what sentence best complies with 18 U.S.C. § 3553(a). The Supreme Court noted that, "not all of the Guidelines are tied to this empirical evidence. For example, the Sentencing Commission departed from the empirical approach when setting the Guidelines range for drug offenses and chose instead to key the Guidelines to the statutory mandatory minimum sentences." Gall, 128 S. Ct. at 594 n.2. When a guideline is not the product of "empirical data and national experience," it is not an abuse of discretion to conclude that it "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575.

Under *Booker*, sentencing courts must treat the guidelines as just one of several sentencing factors set forth in 18 U.S.C. 3553(a). Title 18 Section 3553 of the United States Code sets out those factors that this Court is to consider in imposing a sentence. Significantly, 18 U.S.C. § 3553 provides that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection". 18 U.S.C. § 3553(a).

In determining the particular sentence to be imposed, the Court shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

    (A) to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

7

    (3)    the kinds of sentences available;

    (4)    the sentencing range established by the guidelines;

    (5)    any pertinent policy statement issued by the Sentencing Commission;

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

    (7)    the need to provide restitution to any victims of the offense.

Thus, courts may no longer uncritically apply the guidelines. *See* <u>United States v. Ranum</u>, 353 F. Supp. 2d 984, 985 (E.D. Wis. 2005).

**I.  Sentence.**

The guideline imprisonment range on all counts is life, based upon a total offense level of 43 and a criminal history category of III. Mr. Reeves was raised by his grandmother, who suffered from drug addiction. Defendant went without food and housing as a child at times and lived in homeless shelters on several occasions. Defendant was exposed to and also witnessed violence at a young age. As the Guidelines are just the starting point, they are not the ending point. In consideration of Mr. Reeve's 18 U.S.C. § 3553(a) factors, Defendant respectfully requests a below-Guidelines sentence.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.　　　　　　THE HOGAN LAW FIRM

BY: s/*James W. Schottel, Jr.*　　　　　　　BY: s/*Joseph M. Hogan* (by consent)
    James W. Schottel, Jr.   #51285MO　　　　Joseph M. Hogan   #47008MO
    906 Olive St., PH　　　　　　　　　　　　7751 Carondelet Ste 700
    St. Louis, MO 63101　　　　　　　　　　Clayton, MO 63105
    (314) 421-0350　　　　　　　　　　　　(314) 863-9898
    (314) 421-4060 facsimile　　　　　　　　(314) 863-5647 facsimile
    jwsj@schotteljustice.com　　　　　　　　jmhogan4090@sbcglobal.net

    Attorney for Defendant　　　　　　　　　Attorney for Defendant
    Deoman Reeves　　　　　　　　　　　　Deoman Reeves

8

## **CERTIFICATE OF SERVICE**

  I hereby certify that on <u>February 20, 2024</u> the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

        Paul D'Agrosa
        Paul.D'Agrosa@usdoj.gov

        Erin O. Granger
        erin.granger@usdoj.gov

        Attorneys for Plaintiff
        United States of America


        s/*James W. Schottel, Jr.*